IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE DITLEVSON,<br><br>      Plaintiff,<br><br>  v.<br><br>LEGAL EXPRESS, LTD., et al.,<br><br>      Defendants. / | No. C-15-3977 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES; AFFORDING DEFENDANTS LEAVE TO AMEND ANSWER; VACATING HEARING** |

      Before the Court is plaintiff Lisa Marie Ditlevson's ("Ditlevson") "Motion to Strike Affirmative Defenses Contained in Defendant, Legal Express, Ltd.'s Answer to Plaintiff's Complaint," filed October 29, 2015. Defendant Legal Express, Ltd. ("Legal Express") has filed opposition, to which Ditlevson has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for December 4, 2015, and rules as follows.

      In her complaint, Ditlevson alleges that Bleier & Co, APC ("Bleier"), filed a lawsuit against her in state court "in an attempt to collect [a] defaulted consumer debt" (see Compl. ¶ 46), that Bleier hired Legal Express to serve the summons and complaint on Ditlevson (see Compl. ¶ 47), and that Legal Express thereafter did not serve Ditlevson but prepared for Bleier a "Proof of Service of Summons" that Legal Express knew falsely stated it had

served Ditlevson (see Compl. ¶¶ 50, 53, 57), which document Bleier filed in state court and relied on when it obtained a default judgment (see Compl. ¶¶ 21, 55). Based on said allegations, Ditlevson alleges against Legal Express two causes of action, specifically, a federal claim under the Fair Debt Collection Practices Act ("FDCPA") and a state claim under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). In response to the complaint, Legal Express filed an answer, which includes seven "Affirmative Defenses" (see Def.'s Answer ¶¶ 101-07), each of which Ditlevson challenges by the instant motion. The Court addresses each said defense below.

At the outset, the Court will grant the motion to the extent it challenges the First, Second, Fifth, Sixth and Seventh Affirmative Defenses, as Legal Express has "agree[d] to withdraw" those defenses. (See Def.'s Opp. at 1:4-6.) The Court next considers the sufficiency of the remaining defenses, specifically, the Third and Fourth Affirmative Defenses.

In the Third Affirmative Defense, Legal Express alleges that "any violation was unintentional and resulted despite the maintenance of procedures reasonably adopted to avoid any such violation." (See Answer ¶ 103.) By such pleading, however, Legal Express has done no more than paraphrase the statutory language of provisions in FDCPA and the RFDCPA, see 15 U.S.C. § 1692k(c) (providing defendant shall "not be held liable" where "violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"); Cal. Civ. Code § 1788.30(e) (providing defendant has "no civil liability" where "violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation"), and, as Ditlevson correctly observes, Legal Express has failed to allege any facts in support of the defense or to otherwise provide fair notice of the basis therefor. See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (holding "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense"; finding statute of limitations adequately pleaded as defense, where conclusory statement thereof was supported by "attached memorandum" identifying

2

specific provision on which defendant relied); see also Shechter v. Comptroller, 79 F.3d 265, 270 (2nd Cir. 1996) (holding "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy") (internal quotation and citation omitted).  Nonetheless, as it does not appear Legal Express would be unable to provide fair notice of the basis for its Third Affirmative Defense, to state, for example, the procedures it allegedly has adopted to avoid violations of the nature here alleged, the Court will afford Legal Express leave to amend its answer to do so.

In the Fourth Affirmative Defense, Legal Express alleges the claims are "barred by the litigation privilege embodied either in California Civil Code § 47(b) or under state and federal common law."  (See Def.'s Answer ¶ 104.)  Ditlevson argues that the litigation privilege is not a cognizable defense to the claims alleged herein.  The Court agrees.  First, under state law, the California Court of Appeal has held the litigation privilege is not a defense to a claim under the RFDCPA, see Komarova v. National Credit Acceptance, Inc., 175 Cal. App. 4th 324, 338-40 (2009) (holding § 47(b), which sets forth privilege for communications in judicial proceedings, provides no defense to claims brought under RFDCPA; noting to hold otherwise "would effectively immunize conduct that the Act prohibits") (internal quotation and citation omitted), and Legal Express has not argued, let alone shown, the California Supreme Court would rule to the contrary, see Klingebiel v. Lockheed Aircraft Corp., 494 F.2d 345, 346 n. 2 (9th Cir. 1974) (holding "[d]ecisions of the California Courts of Appeal are to be followed by a federal court where the Supreme Court of California has not spoken on the question, in the absence of convincing evidence that the highest court of the state would decide differently").  Second, under federal law, the "Noerr-Pennington doctrine," which requires federal statutes be construed to "avoid burdening conduct that implicates the protections afforded by the [First Amendment's] Petition Clause," is not a defense to an FDCPA claim, at least where the claim is based on the defendant's having made false statements in connection with a court proceeding.  See Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 615-16 (6th Cir. 2009) (holding defense under Noerr-Pennington not available where FDCPA claim based on defendant's

specific provision on which defendant relied); see also Shechter v. Comptroller, 79 F.3d 265, 270 (2nd Cir. 1996) (holding "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy") (internal quotation and citation omitted).  Nonetheless, as it does not appear Legal Express would be unable to provide fair notice of the basis for its Third Affirmative Defense, to state, for example, the procedures it allegedly has adopted to avoid violations of the nature here alleged, the Court will afford Legal Express leave to amend its answer to do so.

In the Fourth Affirmative Defense, Legal Express alleges the claims are "barred by the litigation privilege embodied either in California Civil Code § 47(b) or under state and federal common law."  (See Def.'s Answer ¶ 104.)  Ditlevson argues that the litigation privilege is not a cognizable defense to the claims alleged herein.  The Court agrees.  First, under state law, the California Court of Appeal has held the litigation privilege is not a defense to a claim under the RFDCPA, see Komarova v. National Credit Acceptance, Inc., 175 Cal. App. 4th 324, 338-40 (2009) (holding § 47(b), which sets forth privilege for communications in judicial proceedings, provides no defense to claims brought under RFDCPA; noting to hold otherwise "would effectively immunize conduct that the Act prohibits") (internal quotation and citation omitted), and Legal Express has not argued, let alone shown, the California Supreme Court would rule to the contrary, see Klingebiel v. Lockheed Aircraft Corp., 494 F.2d 345, 346 n. 2 (9th Cir. 1974) (holding "[d]ecisions of the California Courts of Appeal are to be followed by a federal court where the Supreme Court of California has not spoken on the question, in the absence of convincing evidence that the highest court of the state would decide differently").  Second, under federal law, the "Noerr-Pennington doctrine," which requires federal statutes be construed to "avoid burdening conduct that implicates the protections afforded by the [First Amendment's] Petition Clause," is not a defense to an FDCPA claim, at least where the claim is based on the defendant's having made false statements in connection with a court proceeding.  See Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 615-16 (6th Cir. 2009) (holding defense under Noerr-Pennington not available where FDCPA claim based on defendant's

allegedly having submitted falsified exhibit to state court); <u>Sial v. Unifund CCR Partners</u>, 2008 WL 4079281, at *3-4 (S.D. Cal. August 28, 2008) (holding Noerr-Pennington doctrine did not bar claim based on defendant's having "submitted false statements in support of [a] request for default judgment").

**CONCLUSION**

For the reasons stated above, Ditlevson's motion to strike Legal Express' affirmative defenses is hereby GRANTED. If Legal Express wishes to amend its answer to cure the deficiencies identified above with respect to the Third Affirmative Defense, it shall file an amended answer no later than December 18, 2015.

**IT IS SO ORDERED.**

Dated: November 24, 2015

_____
MAXINE M. CHESNEY
United States District Judge